Eric W. Marshall Kiowa County Attorney 211 East Florida Greensburg, Kansas 67504
Dear Mr. Marshall:
As Kiowa county attorney you request our opinion on two issues concerning the county commissioners and management of a county hospital:
 "1. What authority does the Commission have in the management of the county hospital other than appointing the hospital board in accordance with K.S.A. 19-4605 and the attached articles of incorporation?
 "2. Is a county hospital which has been incorporated subject to provisions K.S.A. 19-4601 et seq., especially K.S.A. 19-4605?"
As factual background, you inform us that Kiowa County Memorial Hospital was established as a county hospital on November 5, 1951, at which time the county commissioners created and appointed a five member board to run the hospital. In articles of incorporation dated November 21, 1994, the county commissioners incorporated the hospital, with the articles of incorporation making it a not for profit corporation and providing for a five member board to be appointed by the county commissioners. The articles are silent as to the length of term served by each such board member. Funding for the hospital comes from a county tax levy.
You inform us that members of the community now wish the board of county commissioners to intervene in or override certain decisions being made by the hospital board and that there is concern that board actions threaten the very existence of the hospital. It is your position that the hospital is subject to K.S.A. 19-4601 etseq. but that the board of county commissioners does not have the authority to dictate policy decisions to the hospital board. In support of those conclusions you cite K.S.A. 19-4602(a), 19-4605(a) and (c).
K.S.A. 19-4602, enacted in 1984, provides in pertinent part:
 "(a) Any existing county hospital established under the laws of this state prior to the effective date of this act is hereby continued in existence and shall be governed in accordance with the provisions of this act and any existing hospital board shall be deemed to be the board for purposes of this act unless and until a new board is appointed or elected as provided in this act. . . ."
As you indicate that the hospital in question was a county hospital at the time K.S.A. 19-4601 et seq. went into effect, it appears that the hospital thus became subject to the act. K.S.A.19-4625 provides the correct procedures for dissolving a county hospital. We do not know if dissolution has taken place using the required procedure, but we will assume that it has not, despite the 1994 incorporation.
In answer to your second question, and based upon the limited facts you provide, it is our opinion that a hospital created and funded as a county hospital remains a county hospital subject to K.S.A. 19-4601 et seq., even if it has been incorporated. We must therefore address your first issue; the extent of board of county commissioner control over the decisions of a county hospital board.
K.S.A. 19-4605 states:
 "(a) The commission shall provide for the management and control of any existing county hospital or any county hospital established under this act by a board.
 "(b) The system for electing or appointing the board in effect on the effective date of this act shall continue until the system is changed by referendum under subsection (d).
 "(c) Upon establishment of a county hospital under this act, the commission by resolution, shall provide for the establishment of a board and shall provide either that the members be appointed by the commission or that the members be elected by the qualified electors of the county on a nonpartisan basis. . . . The commission shall fix the number of board members and the terms of office for such members. The board shall be composed of five, seven or nine members and terms of office thereof shall be for not less than two years and not more than four years.
. . . .
 "(g) Vacancies in the membership of the board shall be filled by appointment by the commission or, in the case of an elected board, the board. . . .
 "(h) Members of the board are subject to removal from office in the manner and for the causes prescribed by law for other county officers." (Emphasis added).
The above quoted statutes recognize that county hospital board members are officers of the county, address the minimum and maximum term of office for such board members and reference the correct causes and procedures for removal of a county hospital board member. See K.S.A. 19-2609 and K.S.A. 60-1206 et seq.
In addition to the above emphasized statement in K.S.A. 19-4605, K.S.A. 19-4610 also addresses the management powers of a county hospital board:
 "(a) The board shall make and adopt such bylaws and rules and regulations for the management and control of the hospital as it deems necessary so long as the same are not inconsistent with this act, the statutes of the state of Kansas, the resolutions of the county and, if the hospital is located in a city, the ordinances of the city in which the hospital is located. The board shall have exclusive control of the expenditures of all hospital moneys, except hospital moneys acquired through the issuance of revenue bonds, and all expenditures shall be subject to the approval of a majority of all members of the board. . . . The board is charged with the supervision, care and custody of hospital property. The board is authorized to appoint an administrator, to fix compensation thereof, and to remove such administrator. . . ."
Much of the above quoted statutory language existed when this office issued Attorney General Opinion No. 85-106. In that opinion, Attorney General Stephan opined that the county commissioners could not limit the ability of the hospital trustees in carrying out their statutory duties under the act. Rather, while the hospital board is appointed by the county commissioners and is subject to certain types of general control of the county commissioners, decisions concerning specific hospital matters, as well as procedural questions such as by-laws, are vested in the hospital trustees and cannot be preempted by the county commission.
These principles were again addressed by this office in Attorney General Opinions No. 88-31 and 87-187, wherein it was generally recognized that a county hospital board enjoys a degree of autonomy free from direct control by the board of county commissioners: "[t]he hospital board is more than an agent of the county and the underlying authority for the hospital is not the board of county commissioners but is rather the legislature. . . ." Attorney General Opinion No. 88-31.
K.S.A. 19-201 et seq. set forth the powers and duties of the board of county commissioners. As recognized in K.S.A. 19-212, the commissioners may generally make orders concerning county property; examine and settle county accounts; purchase, sell or repair county buildings; apportion and levy authorized taxes; represent the county on its concerns; take care of county road matters; promote and protect the public health and welfare; and do any of those things otherwise prescribed by law. In addition, K.S.A. 1994 Supp. 19-101a allows the board of county commissioners to exercise county home rule power in the transaction of all county business. However, such general authority is limited by other laws and does not override specific statutes granting authority and power to other county officials, be they appointed or elected officials.
Once a county hospital board has been appointed or elected in accordance with statutory requirements, they are county officials who possess the power to carry out those duties imposed by statute. K.S.A. 19-4601 et seq. recognize that the hospital board is responsible for the control and supervision of the hospital and matters relating to it. You do not provide the facts concerning a specific decision, and thus, we cannot provide our opinion concerning whether such a decision falls entirely outside of the scope of authority enjoyed by the board of county commissioners.
As the Kiowa county board of county commissioners has chosen to create an appointed, rather then elected, hospital board, future appointments may be made by county commissioners. Moreover, the provisions of K.S.A. 19-4601 et seq. grant the county commissioners some fiscal powers and duties with regard to such a hospital. However, it is our opinion that decisions concerning the day to day management of a county hospital remain the province of the county hospital board and the board of county commissioners does not possess the authority to countermand or override such discretionary decisions.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
CJS:JLM:TMN:jm